## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLORADO

Civil Action No.

JOY FREEMAN, an individual,

    Plaintiff,

v.

MEDIX STAFFING SOLUTIONS, INC., an Illinois corporation,

    Defendant.

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, and 1446, and D.C.COLO.LCivR 81.1, Defendant Medix Staffing Solutions, Inc. ("Medix"), by and through its attorneys, Littler Mendelson, P.C., hereby removes the above-entitled action styled *Joy Freeman v. Medix Staffing Solutions, Inc.,* Case No. 2020CV32204 from the District Court for the City and County of Denver, Colorado to the United States District Court for the District of Colorado.  Copies of all pleadings are filed with this Notice under 28 U.S.C. § 1446(a).  As grounds for removal, Medix states:

    1.    On June 30, 2020, Plaintiff filed a Complaint and Jury Demand in the District Court for the City and County of Denver, Colorado, styled *Joy Freeman v. Medix Staffing Solutions, Inc.,* Case No. 2020CV32204.  True and correct copies of the Complaint, Civil Case Cover Sheet, Summons, Affidavit of Service on Medix are attached as Exhibits A, B, C, and D, respectively.  The Court's Delay Reduction Order, Order Re: Discovery Protocol, and Pre-Trial Order are attached as Exhibits E, F, and G, respectively.  Medix's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, Notice of Entry of Appearance of Erin

Webber, Notice of Entry of Appearance of Stephen Baumann, and the Court's Order: Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint are attached as Exhibits H, I, J, and K, respectively.

2. Medix was served with process on July 15, 2020. *See* Ex. D, Aff. of Service. Medix's removal is therefore timely under 28 U.S.C. § 1446(b).

3. This Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship because this action is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

4. Based on the allegations in the Complaint, Plaintiff Joy Freeman is a citizen of Colorado. *See* Ex. A, Compl. ¶ 1; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "place of residence is *prima facie* the domicile" of an individual).

5. Medix is an Illinois corporation with a principal place of business in Chicago, Illinois. *See* Ex A, ¶ 3; Ex. L, Camper Decl. ¶ 2.

6. Medix is therefore a citizen of Illinois under 28 U.S.C. § 1332(c). *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015); *Zimmerman Metals, Inc. v. United Eng's & Constructors, Inc., Stearns-Roger Div.*, 720 F. Supp. 859, 861 (D. Colo. 1989).

7. Thus, complete diversity of citizenship exists among these parties.

8. The amount in controversy also exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a).

9. Plaintiff asserts claims for disability discrimination and retaliation under Colorado Revised Statutes section 24-34-402 arising out of her placement by Medix at Care Synergy. *See*

*generally* Ex. A.  She seeks "economic damages including loss of back wages and front wages, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Freeman also seeks attorney's fees, costs and expenses."  *Id.* ¶¶ 40, 47.

10. During her placement with Care Synergy as a Licensed Practical Nurse ("LPN"), Plaintiff was paid at a rate of $26.00 per hour.  *See* Ex. L, ¶¶ 5-7.

11. Plaintiff's placement was for 1,041 hours at 40 hours per week, approximating 26 weeks of the year.  *Id.* ¶ 6.

12. As a result, Plaintiff would have been paid at least $27,066.00 for 26 weeks of work if she had successfully completed her placement.  *Id.* ¶¶ 6-8.

13. Plaintiff's placement was contract-to-hire, meaning that, depending on Ms. Freeman's performance, Care Synergy would offer regular, full-time employment to her on the same or better terms following successful completion of the placement.  *Id.* ¶ 8.

14. Numerous placements by Medix result in direct-hire relationships with Medix's clients.  *Id.* ¶ 9.

15. Even when placements do not result in direct hires, Medix endeavors to place skilled workers such as Plaintiff into full-time roles whenever possible.  *Id.* ¶ 10.

16. Based on Ms. Freeman's certification as an LPN, other roles into which Ms. Freeman would be placed carry pay rates of $22.00 per hour to $26.00 per hour.  *Id.* ¶ 11.

17. Thus, had Plaintiff continued in her role with Care Synergy or been placed in a similar role by Medix, she would have been paid at least $54,132.00 annually.

18. Plaintiff alleges that a Care Synergy supervisor indicated that her last day was March 6, 2019.  Ex. A, ¶ 28.

19. Trial is unlikely to occur in this case before August 14, 2021.

20. As a result, the back pay Plaintiff seeks plausibly exceeds **$132,080.00** based on a rate of $26.00 per hour at 40 hours per week for 127 weeks between March 6, 2019, and August 14, 2021.[1] *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Robertson v. Asplundh Tree Expert Co.*, No. 17-2360-DDC-KGG, 2017 WL 4099479, at *2–4 (D. Kan. Sept. 15, 2017) (holding that back pay at a rate of $12.12 per hour for 40 hours per week through trial "alone exceeds the $75,000 amount-in-controversy requirement"); *Byrns v. OneSource Energy Servs., Inc.*, No. 03-178 RLP/WDS, 2003 WL 27385275, at *1 (D.N.M. Apr. 15, 2003); *see also Youell v. Magellan Health Servs. Of N.M., Inc.*, No. 17-00512 KG/KBM, 2018 WL 344959, at *2 (D.N.M. Jan. 9, 2018).

21. Plaintiff also seeks some unspecified amount of "front wages," "non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience," as well as "attorney's fees, costs and expenses." Ex. A, ¶¶ 40, 47; *see also Jackson v. City of Albuquerque*, 890 F.2d 225, 235 (10th Cir. 1989) (affirming a two-year front pay award for a plaintiff in a wrongful termination case); *Robertson*, 2017 WL 4099479, at *2–4 (holding that non-economic damages could reasonably be estimated at $25,000.00).

22. As a result, the amount in controversy easily exceeds the jurisdictional threshold of $75,000.00 under 28 U.S.C. § 1446(c)(2)(A).

---

[1] Medix denies that Plaintiff is entitled to any damages of any kind, and denies that it is liable to Plaintiff for any of the claims asserted. Medix provides this good-faith estimate of the amount in controversy solely for purposes of its Notice of Removal under 28 U.S.C. § 1446(c)(2)(A).

23. The action is pending in the District Court for the City and County of Denver. Accordingly, under 28 U.S.C. §§ 85 and 1441(a), the United States District Court for the District of Colorado is the proper forum for removal.

24. Pursuant to 28 U.S.C. § 1446(d), Medix will file, on this same date, a Notice of Filing Notice of Removal with the Clerk of the District Court for the City and County of Denver, and a copy has been served on Plaintiff, as indicated on the attached certificate of service.

25. Under D.C.COLO.LCivR 81.1(c), Medix states that it is not currently aware of any hearings set in the state court as of the date of this filing.

WHEREFORE, Medix removes this action from the District Court for the City and County of Denver to the United States District Court for the District of Colorado.

Dated: August 14, 2020.

Respectfully submitted,

*s/Stephen E. Baumann II*
Erin A. Webber
Stephen E. Baumann II
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
Email: ewebber@littler.com;
sbaumann@littler.com

**ATTORNEYS FOR DEFENDANT
MEDIX STAFFING SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served via CM/ECF which sends notification of the filing to the following. The duly signed original is on file at the office of Littler Mendelson, P.C.

>Andrew C. Quisenberry, Esq.
>BACHUS & SCHANKER, LLC
>101 West Colfax Avenue, Suite 650
>Denver, Colorado 80202
>Telephone: 303.893.9800
>Facsimile: 303.893.9900
>Email:  Andrew.Quisenberry@coloradolaw.net

>*s/Arlene Aguilar*
>Arlene Aguilar