| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202<br>Phone: (303) 606-2300 | DATE FILED: June 30, 2020 3:49 PM<br>FILING ID: 519D34B4D4372<br>CASE NUMBER: 2020CV32204 |
| Plaintiff: JOY FREEMAN<br><br>v.<br><br>Defendant: MEDIX STAFFING SOLUTIONS, INC. | ▲ Court Use Only ▲ |
| Attorney for Plaintiff:<br>Andrew C. Quisenberry, Esq., #43805<br>BACHUS & SCHANKER, LLC<br>1899 Wynkoop Street, Suite 700<br>Denver, Colorado 80202<br>Phone Number: (303) 893-9800<br>Fax Number: (303) 893-9900<br>E-mail address: Andrew.Quisenberry@coloradolaw.net | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Joy Freeman ("Freeman" or "Plaintiff"), by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant Medix Staffing Solutions, Inc. ("Medix" or "Defendant") and states as follows:

## NATURE OF ACTION

Plaintiff loyally served as an employee of Medix. Plaintiff brings this action for damages against Medix as a result of Medix's discrimination and retaliation against Freeman because of her disability in violation of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, et seq.

## PARTIES AND VENUE

1. Plaintiff is a former employee of Medix and was a resident of Denver County, Colorado during her employment.

2. Plaintiff is a member of a protected class of individuals as defined by C.R.S. § 24-34-402 because she lives with a qualifying disability that substantially impacts major life activities.

# EXHIBIT A

3. Defendant is an employer as defined by C.R.S. § 24-34-401(3) with a principal office located at 222 S. Riverside Plaza, Suite 2120, Chicago, Illinois 60606. Defendant is an Illinois corporation.

4. Medix contracted with Care Synergy for its staffing needs in Denver and provided Plaintiff to perform duties at The Denver Hospice, located at 501 S Cherry Street, Suite 700, Denver, Colorado 80246, in Denver Country. Additionally, the events alleged herein took place primarily in Denver County.

5. Venue is proper in the District Court of Denver County, Colorado pursuant to Colo. R. Civ. P. 98(c).

## ADMINISTRATIVE HISTORY

6. Plaintiff has timely and properly exhausted her administrative remedies under C.R.S. § 24-34-306 by filing an initial Charge of Discrimination with the Colorado Civil Rights Division ("CCRD"). Charge No. FE2000007469, on or about April 8, 2019, alleging disability discrimination and retaliation.

7. Upon information and belief, Defendant employs more than 15 employees.

8. This lawsuit is timely filed within 90 days after Plaintiff's receipt of a Notice of Right to Sue from the CCRD dated April 1, 2020.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

10. Plaintiff lives with depression and anxiety, which are treated with medication under the supervision of a physician.

11. These conditions are qualifying disabilities because they substantially impact major life activities, including Freeman's daily mental wellness and her ability to adapt to certain situations.

12. Medix hired Freeman in November 2018 and provided her with their written Conditions of Employment.

13. Medix is a staffing company based in Chicago with offices throughout the United States. Medix recruits and places skilled workers on a temporary basis for healthcare industry clients.

14. On or about November 19, 2018, Freeman began working as a Patient Team Assistant for Care Synergy in Denver, a client of Medix.

15. Plaintiff performed her job satisfactorily and without issue during her employment with Medix.

16. Freeman received positive remarks from Medix during her employment.

17. Freeman also had a positive experience from November 2018 until March 2019 and informed Medix of this experience.

18. During her employment, Kristin Lyons ("Lyons") with Care Synergy acted primarily as Freeman's supervisor.

19. Freeman had no performance problems or other issues while working under the supervision of Lyons.

20. Care Synergy made statements about Freeman including that the assignment was going great and that Freeman was awesome.

21. On March 5, 2019, Freeman verbally requested a reasonable accommodation of being able to sit at an open desk where there would be less traffic and distractions in the workplace.

22. These distractions increased Freeman's anxiety, and she believed that moving locations would help her continue to perform her job.

23. Freeman made this verbal request for accommodation to Lyons and Erin Maloney ("Maloney").

24. Freeman also typed a written request for accommodation on March 5 using a Care Synergy computer while at work.

25. Freeman placed this written request in Lyons' office on the afternoon of March 5.

26. Upon information and belief, Lyons left work early March 5 and began her FMLA leave on March 6.

27. On March 6, Maloney informed Freeman that she would be Freeman's new supervisor.

28. Despite having received no prior discipline or warning, Maloney informed Freeman on March 6 that she would be terminated due to an incident.

3

29. Freeman had no knowledge of what incident Maloney referenced.

30. Care Synergy, Medix's agent, discriminated against Freeman by failing to engage in the interactive process and by refusing to provide Freeman with a reasonable accommodation.

31. Medix, through Care Synergy, also terminated Freeman's employment in retaliation for Freeman having requested a reasonable accommodation.

32. Medix continued to discriminate against Freeman by failing to reassign her to an open position with another client because of Freeman's disability.

**FIRST CAUSE OF ACTION**
Discrimination in Violation of the Colorado Anti-Discrimination Act
(C.R.S. § 24-34-402(1)(a))

33. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

34. Medix is an employer as defined by C.R.S. § 24-34-401(3).

35. Freeman is a member of a protected class of individuals based on disability as defined by C.R.S. § 24-34-402(1)(a).

36. Freeman was an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of her job.

37. Medix, through its agent Care Synergy, willfully and intentionally subjected Freeman to discrimination by failing to engage in the interactive process and by to refusing to provide Freeman with her requested reasonable accommodation.

38. Medix further discriminated against Plaintiff by failing to reassign her to another open position with a Medix client.

39. Medix knew its actions violated CADA, or in the alternative, acted recklessly and indifferent in that regard.

40. As a direct and proximate result of the foregoing actions and conduct of Defendant, Freeman has suffered, and will continue to suffer, economic damages including loss of back wages and front wages, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Freeman also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Freeman claims damages for these losses and injuries under C.R.S. § 24-34-405.

## SECOND CAUSE OF ACTION
Retaliation in Violation of the Colorado Anti-Discrimination Act
(C.R.S. § 24-34-402(1)(e)(IV))

41. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

42. Plaintiff engaged in protected activity by requesting a reasonable accommodation from Care Synergy, Medix's agent.

43. Medix's conduct in subjecting Freeman to the adverse employment action of termination after she requested a reasonable accommodation is in violation of C.R.S. § 24-34-402(1)(e)(IV).

44. The effect of this statutory violation was to deprive Freeman of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

45. These statutory violations were intentional.

46. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Freeman's statutorily protected rights.

47. As a direct and proximate result of the foregoing actions and conduct of Medix, Freeman has suffered, and will continue to suffer, economic damages including loss of back wages and front wages, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Freeman also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Freeman claims damages for these losses and injuries under C.R.S. § 24-34-405.

## **JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

WHEREFORE, Plaintiff Joy Freeman prays for judgment against Defendant Medix Staffing Solutions, Inc. in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney's fees, and for such other and further relief as provided by statute and that the Court may deem proper.

DATED: June 30, 2020.

                                          Respectfully submitted,

                                          */s/Andrew C. Quisenberry*
                                          Andrew C. Quisenberry, Esq.
                                          BACHUS & SCHANKER, LLC
                                          101 West Colfax Avenue, Suite 650
                                          Denver, Colorado 80202
                                          Telephone: 303.893.9800
                                          Facsimile: 303.893.9900
                                          Andrew.Quisenberry@coloradolaw.net

Plaintiff's address:
695 S. Alton Way Unit 11B
Denver, CO 80247